**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FELIX CULALA and WALTER TENESELA, *on behalf of themselves, FLSA Collective Plaintiff, and the Class,*<br><br>Plaintiffs,<br><br>v.<br><br>SOHO MASONS CORP., d/b/a SOHO MASONS, JOHN NEVLA, and VICTOR ROTTENBERG,<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs FELIX CULALA and WALTER TENESELA ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, SOHO MASONS CORP. d/b/a SOHO MASONS ("Corporate Defendant"), JOHN NEVLA, and VICTOR ROTTENBERG ("Individual Defendants," and together with Corporate Defendant, the "Defendants"), and state as follows:

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime premiums, (2) unpaid wages, including overtime wages, due to time shaving, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiffs further allege, pursuant to the New York Labor Law ("NYLL"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime premiums, (2) unpaid wages, including overtime wages, due to time shaving, (3) unpaid call-in pay, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to this Complaint transpired in this District.

## PARTIES

5. Plaintiff FELIX CULALA is a resident of Queens County, New York.

6. Plaintiff WALTER TENESELA is a resident of Queens County, New York.

7. Corporate Defendant SOHO MASONS CORP. is a business specializing in brick and block work. It sends its construction workers, masons, and bricklayers to construction sites all throughout the New York City area. It directly employed and supervised Plaintiffs, FLSA Collective Plaintiffs, and Class members. SOHO MASONS CORP. is organized under the laws of

the state of New York, with its principal place of business and address for service of process located at 1046 54th Street, Brooklyn, NY 11219.

8. Individual Defendants JOHN NEVLA, and VICTOR ROTTENBERG are the owners and chief executives of Corporate Defendant SOHO MASONS CORP.

9. Individual Defendant JOHN NEVLA is an owner and principal of Corporate Defendant. JOHN NEVLA exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. JOHN NEVLA exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees of the Defendants could complain to JOHN NEVLA directly regarding any of the terms of their employment, and he would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

10. Individual Defendant VICTOR ROTTENBERG is an owner and chief executive of Corporate Defendant. VICTOR ROTTENBERG exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. VICTOR ROTTENBERG exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees of the Defendants could complain to VICTOR ROTTENBERG directly regarding any of the terms of their employment, and he would have the authority to effect any changes to the quality and terms of

employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

11. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and any regulations thereunder. Its annual volume of sales made or business done is not less than $500,000. Its activities of affect interstate commerce in that its employees handle goods and materials produced outside of New York (including vehicles, tools, cleaning supplies, and other items) that have moved in interstate commerce. SOHO MASONS CORP. is thus an employer subject to the FLSA.

12. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

13. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section l6(b), 29 U.S.C. § 216(b), on behalf of all non-exempt construction workers, masons, and bricklayers employed by Defendants on or after the date that is three (3) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (1)

overtime premiums and (2) wages for all hours worked, due to time shaving. The claims of Plaintiffs stated herein are essentially the same as those of FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

17. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23 on behalf of all non-exempt construction workers, masons, and bricklayers employed by Defendants on or after the date that is six (6) years before the filing of this Complaint (the "Class" or "Class Members").

18. At all relevant times, Plaintiffs and Class Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (1) overtime premiums, (2) wages for all hours worked, and (3) call-in pay. The claims of Plaintiffs stated herein are essentially the same as those of Class Members.

19. Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses

are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, such information being presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

21. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All Class Members were subject to Defendants' corporate practice of failing to (1) pay overtime premiums, (2) pay wages for all hours worked, (3) pay call-in pay, (4) provide Class Members with proper wage statements with every payment of wages, and (5) provide wage notices to Class Members, on the date of hiring and with all wage changes, per requirements of the NYLL.

22. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the country violate their respective states' labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members, including:

    a) Whether Defendants employed Plaintiffs and Class Members within the meaning of the NYLL;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiffs and Class Members properly;

    c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and Class Members for their work;

    d) Whether Defendants properly notified Plaintiffs and Class Members of their regular hourly rate and overtime rate;

    e) Whether Defendants paid Plaintiffs and Class Members a fixed salary without paying overtime premiums;

    f) Whether Defendants paid Plaintiffs and Class Members for all hours worked given Defendants' time shaving practices;

    g) Whether Defendants sent Plaintiffs and Class Members home early from work without paying them the minimum call-in pay required under NYLL;

    h) Whether Defendants provided proper wage statements to Plaintiffs and Class Members per requirements of the NYLL; and

    i) Whether Defendants provided proper wage notices to Plaintiffs and Class Members per requirements of the NYLL.

## STATEMENT OF FACTS

*Plaintiff FELIX CULALA*

27. In or around June 2019, Plaintiff FELIX CULALA was hired by Defendants as a general laborer to work on various construction sites located throughout New York City. In or around July 2021, Plaintiff CULALA left his employment with Defendants.

28. Throughout Plaintiff CULALA's employment, he was scheduled to work Monday through Friday, from 7:00 a.m. to 5:00 p.m. with a one (1) hour lunch break, for a total of forty-five (45) hours per week.

29. From the start of his employment to in or around January 2020, Plaintiff CULALA was compensated at a fixed salary of $240.00 a day, for a total of $1200.00 a week. From in or around January 2020 to the end of his employment, Plaintiff CULALA was compensated at a fixed salary of $250.00 a day, for a total of $1250.00 a week. He was always paid in cash.

30. However, Plaintiff CULALA was not paid overtime premiums for the five (5) overtime hours he worked each week, and there was no agreement that his fixed salary would cover overtime premiums. Based on his personal observations and conversations with co-workers, other employees of Defendants were also paid on a fixed salary basis without overtime premiums.

31. Plaintiff CULALA did not receive a proper wage notice or proper wage statements. Based on his personal observations and conversations, he knows that other employees of Defendants also did not receive proper wage notices and wage statements.

32. When it was raining and Plaintiff CULALA was working outside, he would be sent home after working only one or two hours. However, Plaintiff CULALA would not be paid anything for his work that day, even though NYLL required Defendants to pay him for at least four (4) hours at the basic minimum wage on any day on which he was called in to work, regardless of when he was sent home. Based on his personal observations and conversations, he knows that other employees of Defendants were also sent home early without pay whenever it rained.

33. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff CULALA, FLSA Collective Plaintiffs and the Class all wages due, in violation of the FLSA and NYLL.

*Plaintiff WALTER TENESELA*

34. In or around April 2019, Plaintiff WALTER TENESELA was hired by Defendants as a general laborer to work on various construction sites located throughout New York City. In or around June 2021, Plaintiff left his employment.

35. Throughout Plaintiff TENESELA's employment, he was scheduled to work Monday through Friday, from 7:00 a.m. to 5:00 p.m. with a one (1) hour lunch break, for a total of forty-five (45) hours per week.

36. From the start of his employment to in or around January 2020, Plaintiff TENESELA was compensated at a fixed salary of $230.00 a day, for a total of $1150.00 a week. From in or around January 2020 to in or around January 2021, he was compensated at a fixed salary of $240.00 a day, for a total of $1200.00 a week. From in or around January 2021 to the end of his employment, he was compensated at a fixed salary of $250.00 a day, for a total of $1250.00 a week. He was always paid in cash.

37. However, Plaintiff TENESELA was not paid overtime premiums for the five (5) overtime hours he worked each week, and there was no agreement that his fixed salary would cover overtime premiums. Based on his personal observations and conversations with co-workers, other employees of Defendants were also paid on a fixed salary basis without overtime premiums.

38. In addition, Plaintiff TENESELA would be required to stay 10-15 minutes past his scheduled shift about once or twice a week. Once or twice a month, he was required to end his lunch break early in order to help with deliveries. However, Plaintiff TENESELA would not be compensated for this time. Based on his personal observations and conversations, he knows that other employees of Defendants were also required to work past the end of their shifts or during lunch without compensation.

39. Plaintiff TENESELA did not receive a proper wage notice or proper wage statements. Based on his personal observations and conversations, he knows that other employees of Defendants also did not receive proper wage notices and wage statements.

40. When it was raining and Plaintiff TENESELA was working outside, he would be sent home after working only one or two hours. However, Plaintiff TENESELA would not be paid anything for his work that day, even though NYLL required Defendants to pay him for at least four (4) hours at the minimum wage on any day on which he was called in to work, regardless of when he was sent home. Based on his personal observations and conversations, he knows that other employees of Defendants were also sent home early without pay whenever it rained.

41. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff TENESELA, FLSA Collective Plaintiffs and the Class all wages due, in violation of the FLSA and NYLL.

42. Plaintiffs have retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

43. Plaintiffs reallege and incorporate all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

44. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

46. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

47. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiffs and FLSA Collective Plaintiffs overtime premiums and wages for all hours worked, in violation of the FLSA.

48. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs for all hours worked and to pay them overtime premiums, when Defendants knew such was due.

50. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

51. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

52. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages including unpaid overtime premiums, plus an equal amount as liquidated damages.

53. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

54. Plaintiffs reallege and incorporate all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein

55. At all relevant times, Plaintiffs and Class Members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

56. Defendants knowingly and willfully failed to pay Plaintiffs and Class Members their overtime premiums and wages for all hours worked, in violation of the NYLL.

57. N.Y. Comp. Codes R. & Regs. Tit. 12 § 142-3.3 provides that "[a]n employee who by request or permission of the employer reports for work on any day shall be paid for at least four hours, or the number of hours in the regularly scheduled shift, whichever is less, at the basic minimum hourly wage." However, Defendants paid Plaintiffs and Class Members nothing at all on days when it rained and they were sent home early after an hour or two of work, in violation of NYLL.

58. Defendants knowingly and willfully failed to provide Plaintiffs and Class Members with proper wage statements as required under the NYLL.

59. Defendants knowingly and willfully failed to provide Plaintiffs and Class Members with proper wage notices as required under the NYLL.

60. Due to the Defendants' NYLL violations, Plaintiffs and Class Members are entitled to recover from Defendants unpaid wages, including unpaid overtime premiums, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, FLSA Collective Plaintiffs and Class Members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, prohibiting them from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of all unpaid wages, including overtime premiums, as required under the FLSA and NYLL;

d. An award of liquidated damages as a result of Defendants' willful failure to pay wages pursuant to the FLSA;

e. An award of liquidated damages as a result of Defendants' willful failure to pay wages, pursuant to the NYLL;

f.  An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

g.  Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

h.  Designation of this action as a class action pursuant to F.R.C.P. 23;

i.  Designation of Plaintiffs as Representatives of the Class;

j.  Designation of Plaintiffs' counsel as Class Counsel; and

k.  Such other relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: December 6, 2021          Respectfully submitted,

　　　　　　　　　　　　　　　　　　LEE LITIGATION GROUP, PLLC

　　　　　　　　　　　　　　　　　　By: */s/ C.K. Lee*

　　　　　　　　　　　　　　　　　　C.K. Lee, Esq. (CL 4086)
　　　　　　　　　　　　　　　　　　Anne Seelig, Esq. (AS 1976)
　　　　　　　　　　　　　　　　　　148 West 24th Street, Eighth Floor
　　　　　　　　　　　　　　　　　　New York, NY 10011
　　　　　　　　　　　　　　　　　　Tel.: (212) 465-1188
　　　　　　　　　　　　　　　　　　Fax: (212) 465-1181
　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs,*
　　　　　　　　　　　　　　　　　　*FLSA Collective Plaintiffs*
　　　　　　　　　　　　　　　　　　*and the Class*